UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**,

    Plaintiff,                        CASE NO.: 19-20686-Cr-**ALTONAGA**

    -vs-

**NATALIA VIVEROS-MUNOZ**,

    Defendant.
_____/

## DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

**COMES NOW** the Defendant, **Natalia Viveros-Munoz,** by and through her undersigned counsel, and files his Objections to the PreSentence Investigation Report (hereinafter PSI); and in support thereof states as follows:

1) As to paragraph nine (9) at page five (5) of the PSI, the Defendant through undersigned counsel on December 30, 2019, emailed a letter from Defendant's Spiritual advisor to her Pre-Trial Services Officer.

2) As to paragraph eleven (11) at pages five (5) and six (6) of the PSI, it is Mrs. Viveros-Munoz's position that her responsibility of replenishing the two ATMs did not surpass the normal duties of an average bank employee who is tasked with handling bank money while working at the bank. Accepting the responsibility of replenishing the two ATMs does not amount to a specialized task. Right next to the ATMs were written instructions explaining how to access the ATMs in order

replenish the two ATMs, which any bank teller could do simply by following the instructions and having codes to each ATM. Mrs. Viveros-Munoz was not responsible for the management of replenishing the two ATMs. She was not entrusted to replenish the two ATMs, she was provided the money by the bank manager, and as part of her job she was tasked with replenishing the two ATMs, and obviously the bank expectation was that she, as well as any other bank employee, would perform the job in an honest way, and not steal money or take money that did not belong to her.

3) As paragraph fourteen (14) at page seven (7) of the PSI, it is Mrs. Viveros-Munoz's position that as part of her job to replenish and in order to access the two ATMs, she was provided with the code to access the two ATMs by her supervisor.

4) s paragraph twenty-two (22) at page nine (9) of the PSI, Mrs. Viveros-Munoz's objects to any adjustment for an Abuse of Position or Public Trust or Use of a Special Skill, which increases by two (2) levels the guidelines calculations.

5) The USSG sets forth the following definition at §3B1.3:

> If the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels. This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic. If this adjustment is based upon an abuse of a position of trust, it may be employed in addition, to an adjustment under §

>   3B1.1 (Aggravating Role); if this adjustment is based solely on the use of a special skill, it may not be employed in addition to an adjustment under § 3B1.1 (Aggravating Role).

Abuse of Trust is defined as:

>   **"Public or Private Trust".**—"*Public or private trust*" refers to a position of public or private trust characterized by professional or managerial discretion (*i.e.*, substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature. For this adjustment to apply, the position of public or private trust must have contributed in some significant way to facilitating the commission or concealment of the offense (*e.g.*, by making the detection of the offense or the defendant's responsibility for the offense more difficult). This adjustment, for example, applies in the case of an embezzlement of a client's funds by an attorney serving as a guardian, a bank executive's fraudulent loan scheme, or the criminal sexual abuse of a patient by a physician under the guise of an examination. This adjustment does not apply in the case of an embezzlement or theft by an ordinary bank teller or hotel clerk because such positions are not characterized by the above. (Application Note 1:emphasis added).

6) In the instant case, Mrs.Viveros-Munoz was a part time bank employee, and as part of her employment she was assigned the task of replenishing two ATMs. She had no "professional or managerial discretion" in connection with the work she did as the person who was responsible for replenishing two ATMs at the Bank. Mrs. Viveros-Munoz had no "substantial discretionary judgment" in this position. Therefore, the allegations contained in the PSI do not support this enhancement.

7) Consider, by analogy, **United States v. Ragland**, 72 F.3d 500 (6th Cir. 1996), where a bank teller forged bank officers' signatures on certificates of

3

deposit. There, the teller had no managerial discretion to issue the certificates, but stole over one million dollars using the forgeries. The Sixth Circuit found that the teller's position did not warrant the enhancement. In **United States v. Brogan**, 238 F.3d 780 (6th Cir. 2001), the Sixth Circuit again reversed the application of the abuse of trust enhancement.  Brogan, an assistant corporate treasurer, had no authority to transfer funds without a supervisor's approval. See also: **United States v. Tribble**, 206 F.3d 634 (6th Cir. 2000) (reversal under § 3B1.3 where postal service clerk stole funds using position as postal service window clerk and used computer system to cover up the theft). In **United States v. Sweet**, 630 F.3d 477, 482 (6th Cir. 2011), the Court said:

> "... the critical question is whether Sweet was given substantial professional or managerial discretion in his position. We find that Sweet's position did not entail more than the normal duties of honesty and fealty imposed on all employees. The fact that Sweet was entrusted to 'audit' other tellers' cash drawers, or to certify the existence of a teller's cash shortage, is not the type of substantial discretion to manage the bank's funds that is required for the application of the abuse-of-trust enhancement."

Likewise, here, Mrs. Viveros-Munoz did not have the necessary "professional or managerial discretion."

Furthermore, where there is no managerial discretion afforded Mrs. Viveros-Munoz, it cannot be said that she was in a "trust relationship" with Chase Bank, identified as the victim by the Probation Office in the PSI.

In **United States v. Joseph**, 270 Fed. Appx. 399, 408-409 (6th Cir. 2008) (reversal §3B1.3 enhancement where defendant head bank teller did not "exercise substantial professional or managerial discretion"; insufficient evidence considering "whether an employee's 'level of discretion was that of a fiduciary' who 'administered' rather than merely 'handled' the bank's property.").

In this case, Mrs. Viveros-Munoz was an ordinary part-time bank employee assigned the task of handling bank money in replenishing two ATMs. In her position as a part-time time bank employee assigned the task of handling money to replenish two ATMs is not "a position characterized by professional or managerial discretion" (i.e., substantial discretionary judgment that is ordinarily given considerable deference).

8)  The bank did not place a special trust in Mrs. Viveros-Munoz beyond the normal duties of honesty and fealty imposed on all bank employees. As such, the two (2) point enhancement pursuant to § 3B1.3 should not apply to Mrs. Viveros-Munoz in this case.

9)  As to paragraph forty-four (44) at eleven (11) of the PSI, the eighth (8th) sentence in said paragraph should be changed or corrected to reflect that Mrs. Viveros-Munoz is the one who lives with her Mother at the named address and not the other way around.

10) As to paragraph fifty-one (51) at page thirteen (13) of the PSI, should be corrected to reflect that undersigned counsel informed probation that he would request that the Defendant's travel documents be released to him were Defendant to be incarcerated.

11) The last sentence in paragraph seventy-three (73) at page nineteen (19) of the PSI should be corrected to reflect that the Defendant informed Probation that he needs to make at least $1,500.00 per month to meet her monthly obligations.

12) As to paragraph seventy-five (75) at page nineteen (19) of the PSI, Mrs. Viveros-Munoz and her brother have a non-vested Remainderman interest in that property that can be revoked.

13) Mrs. Viveros-Munoz will be filing in a separate pleading on the 3553 Factors a request for Downward Variance in this cause.

14) If the Court were to sustain the Defendant's Objection to a Role Enhancement for Violation of a Position of Trust, her Total Offense Level would ten (10), Criminal History Category 1, with a guideline range of six (6) to twelve (12) months.

15) Where the applicable guideline range is in Zone B of the Sentencing Table, as would be the case with Mrs. Viveros-Munoz were this Court to sustain her objection, the Court could then impose a sentence of probation, it were

included to do so, if it imposes a condition or conditions requiring at least two months of community confinement, home detention, or intermittent confinement, or a combination of community confinement, home detention, and intermittent confinement totaling at least two months.

16) A split sentence in this caused; or at the very least a sentence at the low end of the guidelines range, to be followed by a period of Supervised Release; with Mental Health assessment and treatment, if needed, would be just punishment for the offense committed by Mrs. Viveros-Munoz in this cause. Such sentence would reflect the seriousness of the offense; it will promote respect for the law, and provide just punishment for Mrs. Viveros-Munoz's conduct.

**WHEREFORE**, the Defendant, **Natalia Viveros-Munoz**, prays this Honorable Court to sustain the Defendant's objections to the PSI; find that the Appropriate Total Base Offense Level is 10; and sentence her under Zone B of the Guidelines.

Respectfully submitted,

**BATISTA & BATISTA, P.A**.
Attorneys for the Defendant
7171 Coral Way, Suite 400
Miami, Florida 33155
Telephone: (305) 267-5139
Facsimile: (305) 267-4108
Email: Jrebatistalaw@gmail.com

By: **/s/ Jose' R.E. Batista**
**Jose' R.E. Batista, Esq.**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court using **CM/ECF**; and sent to Probation Officer **Kira Harmeling**, at the U.S. Probation Office, located at 400 North Miami Avenue, Ninth Floor South, Miami, Florida 33128; on this 17th day of January, 2020.

**/s/ Jose' R.E. Batista**
**COUNSEL**